# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO.: 3:14-CV-494

| | |
|---|---|
| **RONNIE GARDIN,** | |
| **Plaintiff,** | |
| v. | **ORDER** |
| **HI-TEX, INC.,** | |
| **Defendant.** | |

**THIS MATTER** is before the Court on Plaintiff Ronnie Gardin's Motion to for Leave to File Amended Complaint (Doc. No. 10) and Memorandum in Support (Doc. No. 11), Defendant's Response in Opposition (Doc. No. 14), and Plaintiff's Reply (Doc. No. 16). Plaintiff seeks leave to file an amended complaint in order to address alleged deficiencies in his original complaint that are the subject of Defendant's Motion to Dismiss (Doc. No. 6). For the reasons set forth below, the Motion to Amend is **GRANTED**.

## I. BACKGROUND

Plaintiff brought this case on June 24, 2014 in Gaston County Superior Court asserting claims for discrimination on the basis of race in violation of Title VII, violation of the Americans with Disabilities Act, and wrongful discharge in violation of the public policy of North Carolina. (Doc. No. 1-1). The Complaint alleges that Plaintiff exhausted his administrative remedies by filing a charge of discrimination with the EEOC, that the EEOC issued a right-to-sue notice on March 21, 2014, and that "Plaintiff is filing this action within ninety days of receiving the right-to-sue notice." (Doc. No. 1-1 at 6).

Defendant removed this case to this Court on September 9, 2014 (Doc. No. 1) and subsequently filed a motion to dismiss (Doc. No. 6). That motion argues that this Court lacks subject matter jurisdiction over Plaintiff's Title VII and ADA claims because he failed to timely file

a complaint after receiving the right-to-sue notice, and also that the Complaint fails to state a viable state court claim. It notes that 42 U.S.C. § 2000e-5(f)(1) requires the commencement of an action under Title VII or the ADA within ninety days of receipt of the right-to-sue notice, and that if the precise date of receipt is not known, courts presume receipt three days after mailing of the notice. (*See* Doc. No. 6-1 at 9 (citing *Nguyen v. Inova Alexandria Hosp.*, 187 F.3d 630 (4th Cir. 1999))). Here, the Complaint was filed on June 24, 2014—ninety-five days after mailing of the right-to-sue notice—and the Complaint does not state when Plaintiff received the letter. Thus, the Court may presume that the Complaint is untimely.

Plaintiff now seeks to amend his Complaint to demonstrate that, in fact, he did not receive the notice until March 26, 2014, and also to enumerate a specific state policy he believes was violated in support of his wrongful termination claim. Plaintiff failed to attach his proposed amended complaint to his Motion but later included it with his Reply. (*See* Doc. No. 16).

## II. DISCUSSION

Pursuant to Federal Rule of Civil Procedure 15, a party may amend its pleading once as a matter of course within twenty-one days after serving it, or within twenty-one days after service of a responsive pleading or a motion under Rule 12(b), (e), or (f). FED. R. CIV. P. 15(a). Otherwise, amendments are permitted "only with the opposing party's written consent or the court's leave." *Id.* The Rule further instructs that "[t]he court should freely give leave when justice so requires." *Id.* The Fourth Circuit has interpreted Rule 15(a) "to provide that 'leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile.'" *Laber v. Harvey*, 438 F.3d 404, 426-27 (4th Cir. 2006) (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986)). Delay alone is insufficient for denial of a motion to amend. *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir.

1980). As to futility, "[l]eave to amend . . . should only be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face." *Johnson*, 785 F.2d at 510 (citing *Davis*, 615 F.2d at 613).

Here, Defendant argues that Plaintiff should not be permitted to amend the Complaint because it would be both futile and prejudicial. Defendant notes that Plaintiff failed to attach a copy of his proposed amended complaint to his motion to amend, which denied Defendant a fair opportunity to respond to the proposed amendments. Defendant acknowledges that failing to attach the proposed complaint is not technically a violation of the Rules of Civil Procedure or the Local Rules, but argues that it is nonetheless prejudicial to the opposing party. While the Court agrees that Plaintiff should have attached the proposed amended complaint to his motion, his failure to do so appears to have been inadvertent, and the proposed complaint was subsequently attached to Plaintiff's Reply. The Court can ascertain no substantial prejudice to Defendant by this oversight because Plaintiff's motion and memorandum make clear the nature of the amendments he wishes to make, and these amendments are relatively limited and straight-forward. Defendant was afforded an adequate opportunity to respond in its brief in opposition, and the Court finds that this oversight does not render the amendment prejudicial.

As to futility, Defendant argues that an amended complaint would not cure the jurisdictional defect in Plaintiff's original Complaint because Federal Rule of Civil Procedure 15(c) only allows a plaintiff to relate back his amended pleading to the date of a timely filed original pleading, and Plaintiff's original pleading was not timely filed. The Court finds this argument inapposite because Plaintiff wishes to amend the Complaint to show that it was, in fact, timely filed. Defendant also argues that general claims of delayed mail are not sufficient to rebut the three-day presumption of receipt; however, Plaintiff's Reply and the proposed amended complaint make clear his position that he did not receive the right-to-sue notice until March 26,

2014. Plaintiff correctly points out that the three-day presumption applies only when the date of receipt is unknown or in dispute. *See, e.g.*, *Taylor v. Potter*, 355 F. Supp. 2d 817, 819 & n.1 (M.D.N.C. 2005). Plaintiff's proposed amended complaint specifically alleges receipt of the notice on March 26, and an attachment thereto shows a time-stamp of March 26. Defendant is free to challenge the accuracy of these allegations via an appropriate motion, but they clearly rise above general claims of delayed mail and are thus not futile. As a result, the Court finds that Plaintiff's proposed amendments are neither prejudicial nor futile, and the relief he requests is **GRANTED**.

### III. ORDER

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to file an amended complaint (Doc. No. 10) is **GRANTED**. Plaintiff is given leave to file the proposed amended complaint attached to his Reply, which complaint should be filed within fourteen (14) days of the date of this order.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss (Doc. No. 6) is **DENIED** as **MOOT**. Defendant is free to file a new motion if it wishes after the amended complaint has been filed.

**SO ORDERED.**

Signed: January 8, 2015

Graham C. Mullen
United States District Judge