IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO: 3:14-cv-00494

| | |
|---|---|
| RONNIE GARDIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) |
| | ) |
| HI-TEX, INC., a/k/a CRYPTON, INC., | ) |
| a Michigan corporation, | ) |
| | ) |
| Defendant. | ) |

**CONSENT PROTECTIVE ORDER**

The parties have jointly moved the Court pursuant to Rule 26(c) of the Federal Rules of Civil Procedure for entry of a Consent Protective Order to expedite the flow of discovery materials, facilitate the prompt resolution of discovery disputes as well as disputes concerning confidentiality, protect certain materials designed as confidential ("Confidential Materials"), and ensure that protection is afforded only to material so designated (Doc. No. 22).

IT IS HEREBY ORDERED THAT:

1. **General Scope of the Agreement**. This Consent Protective Order shall govern certain documents and other materials produced in response to any discovery request or other request for information by Plaintiff Ronnie Gardin ("Plaintiff") and Defendant Hi-Tex, Inc., a/k/a Crypton, Inc. ("Defendant") in this action, all information contained therein, and all copies, excerpts or summaries thereof, specifically including, but not limited to, answers to requests for admissions, answers to interrogatories, responses to requests for production of documents and documents produced in accordance therewith, documents subpoenaed in connection with

depositions, deposition testimony, and any deposition transcript or portion thereof as to which protection is sought in accordance with this Agreement. The following documents and/or information may be designated as "Confidential" pursuant to this Order: (a) plaintiff's medical records, and other documents including health-related information; (b) personal information of Defendant's employees, including, but not limited to: Social Security numbers, tax information, and health insurance/health-related information; and (c) personal or personnel file information and records of Defendant's current or former employees.

2. **Redaction of Certain Information**. The Parties shall be allowed to redact the following information from any documents provided pursuant to this Order: (a) Social Security numbers; (b) dates of birth and (c) financial account numbers.

3. **Designation as Confidential: Good Faith Requirement**. Any party producing or furnishing information of any nature to another party, to the Court, or at a deposition in connection with this litigation may designate documents or information as "Confidential," in accordance with the procedures set forth herein. Such information could include a document or part thereof, interrogatory answer, response to request for admissions, deposition testimony, excerpts and summaries of such information, or other materials as set forth in Paragraph 1 of this Agreement. Such designation shall be made at the time the information is produced or furnished, or at a later time as provided herein.

No party may designate information as "Confidential" without first determining in good faith that the information may be so designated as provided in this Order and as contemplated by Rule 26(c) of the Federal Rules of Civil Procedure.

4. **Procedure for Designing Information as Confidential**. Parties may designate "Confidential Materials" in the following manner:

a) In the case of documents or other written materials, by affixing to each page of every such document, at the time of production, the word "Confidential" by stamp or other method which will make the work conspicuous;

b) In the case of answers to interrogatories, designation shall be made by placing the work "Confidential" adjacent to or at the end of any answer deemed to contain confidential information. Alternatively, answers deemed to contain confidential information may be bound separately and marked with the word "Confidential";

c) In the case of depositions or other pretrial testimony in this action by parties or any of their officers or employees, by a statement to that effect on the record by counsel for the party who claims that Confidential Materials are about to be or have been disclosed. Alternatively, a party may designate information disclosed at such deposition as Confidential Materials by informing all parties in writing, within thirty (30) days of receipt of the transcript or other date as agreed upon by the parties, of the specific pages and lines of the deposition transcript which are deemed Confidential. Each party shall attach a copy of such written statement to the face of the transcript and each copy thereof in its possession, custody, or control. All depositions shall be treated as Confidential for a period of thirty (30) days after a full and complete transcript of the deposition is available or other date as agreed upon by the parties. Unless the parties intend to designate all of the information contained within a particular

document or deposition testimony as Confidential Materials, counsel for that party should indicate in a clear fashion the portion of the document or testimony which is intended to be designated as confidential; and

5. **Restricted Use of Confidential Information**: The use of information designated as "Confidential" will be restricted as specifically indicated below:

    a) Documents/information designated as "Confidential" pursuant to Paragraphs 1 through 4 of this Order shall be used solely for the purposes of this action and shall not be disclosed to any person except the following individuals:

        i) the Court (including the Clerk's office, stenographic reporters and videographers, and any special master or mediator appointed by the Court, engaged in such proceedings as are necessary to the preparation for trial and trial of this action);

        ii) counsel for the parties, their staff members, their professional and para-professional employees, or other agents or other representatives of either party, as necessary to prepare this case for litigation;

        iii) any experts or service contractors (i.e., court reporters or outside photocopying or imaging services) associated by the parties regarding this action;

        iv) the parties to this litigation; provided, that no party shall be permitted to maintain a copy of any document designated as Confidential by any other party;

v) deponents, who may be shown Confidential Information in preparation for their deposition and during their deposition, but shall not be permitted to keep copies of said Confidential Information nor any portion of the deposition transcript reflecting the Confidential Information;

vi) any potential witness as necessary to prepare this case for litigation; provided, that no such person shall be permitted to maintain a copy of any document designated as Confidential;

vii) representative(s) of the insurance carrier for the Defendant who are responsible for making decisions regarding the defense and resolution of the case;

viii) any other person or entity to whom the Court orders or allows disclosure after notice and opportunity for hearing; or

ix) by mutual consent of the parties.

b) Documents produced pursuant to this Order shall not be used for any purpose other than evidence in this litigation and may not be disclosed under any circumstances to anyone not connected with this action as a party, witness, counsel, consultant, staff person or Court personnel.

6. **Acknowledgment of Agreement**. All persons to whom Confidential Materials are disclosed pursuant to Paragraph 5 of this Order shall be bound by this Order. It shall be the responsibility of counsel for each party to this action to ensure that persons authorized to receive Confidential Materials pursuant to Paragraph 5 of this Order have knowledge of the terms of this

Order and agree to be bound by them. Any person other than Plaintiff and employees of Defendant, counsel of record, employees of counsel of record, representative(s) for the insurance carrier for the Defendant, the court and its personnel, and court reporters and their staff must execute the form attached hereto as Attachment 1 prior to the disclosure of Confidential Materials, which shall be maintained in confidence by the counsel disclosing such information. Any persons breaching the provisions of this Order are subject to the contempt powers of this Court.

      7.    **<u>Inadvertent Disclosure</u>**. In the event a party inadvertently produces materials which should have been, but were not, marked "Confidential," the party may designate such materials as "Confidential" by notifying counsel of the error and producing the documents again, with the "Confidential" designation, within twenty (20) days of discovery of the inadvertent production. The parties will then treat these documents as if they had been marked "Confidential" when they were first produced, destroy any documents and copies not so marked, and certify as to such destruction.

      8.    **<u>Use of Confidential Materials in this Case</u>**. Nothing in this Agreement shall prevent or impair the use by a party of Confidential Materials as set forth in Paragraphs 1 through 4 of this Agreement in proceedings in this litigation, including motion papers, affidavits, briefs, other papers and depositions filed with the Court at any deposition, hearing, conference, or other proceeding prior to trial so long as confidentiality of such information is protected as provided herein. Nothing in this Agreement shall prevent or impair the use by a party of Confidential Materials as set forth in Paragraphs 1 through 4 of this Agreement at trial in accordance with any rules established by the Court. Furthermore, no party shall be deemed to have waived any objections as to the relevancy, admissibility, discoverability or any other objection under the

Federal Rules of Civil Procedure or the Federal Rules of Evidence in connection with any proceeding in this action.

9. **<u>Restricted Access Documents</u>**.

   a) <u>Sealed Documents</u>: When a party seeks to file Confidential Materials under seal, said party shall accompany the request with a Motion to Seal. The Motion to Seal may be filed without supporting memorandum only if the filing party can cite a statute or rule (federal, local or standing order) that requires the filing to be sealed. Absent such authority, the filing party must submit a supporting memorandum that specifies:

   i) the exact document or item, or portions thereof, for which filing under seal is requested:

   ii) how such request to seal overcomes the common law or the First Amendment presumption to access;

   iii) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interests in access;

   iv) the reasons alternatives to sealing are inadequate; and

   v) whether there is consent to the motion.

10. **<u>Challenging Confidentiality</u>**. Acceptance by a party of any information, document, or thing identified as "Confidential" pursuant to this Order shall not constitute a concession that information, documents, or things are Confidential Materials. After attempting to resolve any dispute regarding confidentiality between themselves, any party is entitled to

challenge, though an appropriate Motion to the Court, any designation herein by any other party at any time during this litigation.

    11.    **<u>Right to Object</u>**.  Notwithstanding the foregoing provisions, this Order shall not prejudice the right of any party to object to discovery on other grounds.  Any party may, upon reasonable notice to the opposing party's counsel, move for an order relieving it of the provisions of this Order for good cause shown.  All parties retain the right to apply to the Court for an order affording additional protection to Confidential Materials as the circumstances may warrant.  Nothing contained herein shall prevent a party from seeking modification to this Order.

    12.    **<u>Disclosure</u>**.

        a)    Nothing contained herein shall prevent a party from disclosing, revealing or using any documents, materials or other information which is already lawfully in the possession of that party or which that party lawfully obtains from any source other than the opposing party, and this Order shall not otherwise apply to such documents, materials or other information, except that either party may designate as Confidential any medical records received in discovery in this matter.

        b)    Nothing in this document shall prevent any party from producing any document or information in his, her, or its possession in response to a lawful subpoena or other compulsory process, provided that notice shall be given to the other party prior to the date that the party subpoenaed is required to response to respond to the subpoena or other compulsory process in which materials designated confidential are sought.

13. **Return of Confidential Information**.  Confidential materials and copies shall be returned to the producing party within ninety days of the conclusion of this litigation (and any appeals).  At the option of the producing party, destruction of such confidential materials and copies may be authorized instead.  The party returning or destroying such document shall provide attestation as to such return or destruction.  Counsel for either party may retain one copy of all documents marked Confidential for retention in their files only pursuant to applicable Bar rules and regulations. However, the ultimate disposition of protected materials will be subject to a final order of the court on the completion of litigation.

14. **Modification of the Agreement**.  In the event of further proceedings in this action, if any of the parties hereto believe that this Agreement unreasonably impedes discovery to a party or the use of information discovered from a party for purposes of this litigation, or provides insufficient protection regarding discovery materials produced by a party, such party may serve notice upon the parties and request that the Court modify this Agreement.

15. **Protection of Copies**.  All copies, extracts or summaries prepared from Confidential Materials produced hereunder, but excluding any materials which in the good faith judgment of counsel are work product materials, shall be subject to the same terms of this Agreement as the Confidential Materials from which such copies, extracts, or summaries were prepared, if properly designated.

16. **Notices**.  Notice required under this Agreement shall be in writing and provided to the attorneys for the parties listed below. Notice to the parties shall be adequate if given solely to the parties' counsel of record.

17. **Effective Date**.  This Agreement shall be effective immediately and shall survive the conclusion of this lawsuit.

**SO ORDERED.**

Signed: June 16, 2015

*[Signature]*

Graham C. Mullen
United States District Judge

AGREED to this 16th day of June, 2015.

By: */s/Geraldine Sumter*_____
GERALDINE SUMTER
N.C. State Bar No. 11107
Ferguson Chambers & Sumter, P.A.
309 East Morehead Street, Suite 300
Charlotte, North Carolina 28202
Telephone: (704) 375-8461
Facsimile: (980) 938-4867
Email: gsumter@fergusonsumter.com

Attorney for Plaintiff

By: */s/Katie W. Hartzog*_____
KATIE WEAVER HARTZOG
N.C. State Bar No. 32989
Cranfill Sumner & Hartzog LLP
Post Office Box 27808
Raleigh, North Carolina 27808
Telephone: (919) 828-5100
Facsimile: (919) 828-2277
Email: khartzog@cshlaw.com

Attorney for Defendant

# Attachment 1

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO: 3:14-cv-00494

|  |  |
|---|---|
| RONNIE GARDIN, | ) |
| Plaintiff, | ) ) ) ) |
| HI-TEX, INC., a/k/a CRYPTON, INC., a Michigan corporation, | ) ) ) ) |
| Defendant. | ) ) |

I, _____, declare as follows:

I acknowledge receipt of a copy of the Consent Protective Order dated _____, 2015, in *Ronnie Gardin v. Hi-Tex, Inc., a/k/a Crypton, Inc.,* which is pending in the United States District Court for the Western District of North Carolina, Charlotte Division, Civil Action No. 3:14-cv-00494, and agree that I:

1) understand the terms thereof, and agree to comply with and be bound by its provisions with respect to any information provided to me under the terms of this Consent Protective Order;

2) will not reveal any information provided to me under the terms of this Consent Protective Order to anyone other than such persons designated in Paragraph 4 of this Order; and

3) will utilize such confidential information solely for the purposes of this litigation.

I further understand that if I fail to comply with the terms of the Consent Protective Order, I may be subject to sanctions by the Court, and I consent to the jurisdiction of the above-referenced Court for such purpose.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: _____, 2015

Signature: _____

Printed Name: _____